UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LIBERTY HARBOR COFFEE, INC., a/k/a
BREWSHOT, and NYNJ COFFEE2 LLC, a/k/a
JERSEY SOCIAL,

                    Plaintiffs,

-against-

MAGGIE MOSS and MOSS BUSINESS
CONSULTING LLC,

                    Defendants.

Case No. 1:25-cv-01335 (JLR)

**OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

    Plaintiffs Liberty Harbor Coffee Inc. ("Brewshot") and NYNJ Coffee2 LLC ("Jersey Social") (together, "Plaintiffs") filed this breach of contract suit in the Supreme Court of the State of New York, County of New York, against Defendants Maggie Moss ("Moss") and Moss Business Consulting LLC (together, "Defendants"). Now pending before this Court is Plaintiffs' motion to remand this action to state court for lack of subject matter jurisdiction under 28 U.S.C. § 1332(a). For the following reasons, Plaintiffs' motion to remand is DENIED.

## BACKGROUND[1]

    Brewshot is an organic coffee shop and corporation incorporated in New Jersey, located in Jersey City, New Jersey, and with a principal place of business in Jersey City, New

---

[1] The facts described herein "derive principally from the complaint, the notice of removal, and the briefing on the instant motion seeking remand." *Westchester County v. Mylan Pharms., Inc.*, 737 F. Supp. 3d 214, 217 (S.D.N.Y. 2024) (quoting *Ohno Enters. v. Allen*, No. 15-cv-06675 (KAM) (RER), 2016 WL 3512176, at *1 (E.D.N.Y. June 22, 2016)). Although Defendants argue in their opposition that Plaintiff's tortious interference claim also "fails as a matter of law" and should "be dismissed entirely," Dkt. 25 ("Opp.") at 1, the Court declines to reach the merits herein, instead reserving judgment until the issues have been fully briefed by both sides.

Jersey. Dkt. 26-1 ("Compl.") ¶¶ 1, 5. Brewshot's owner also owns Jersey Social, a sports bar located in the Jersey City area in New Jersey. Compl. ¶¶ 2, 6. Moss Business Consulting LLC is a limited liability company ("LLC") whose sole member is Maggie Moss, an individual who apparently used to reside in New York City but now resides in Colorado. Compl. ¶¶ 7, 33; *see also* Dkt. 12 ¶ 13. The underlying claims arise from Defendants' supposed breach of their agreement to provide marketing, management, and branding services to Brewshot, Compl. ¶ 1, and Defendant Moss's alleged interference with Jersey Social's employment contracts, Compl. ¶ 2.

Defendants accepted service of the Summons and Complaint on February 3, 2025, and February 4, 2025, Dkts. 3-1, 3-2, and timely removed the case to federal court on February 14, 2025, *see generally* Dkt. 1. Defendants stated that the Court has jurisdiction over this matter under 28 U.S.C. § 1332(a)(1) because the parties are "citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs." Dkt. 1 ¶ 7; *see* 28 U.S.C. § 1332(a)(1).

On February 19, 2025, this Court ordered Defendants to amend their Notice of Removal to allege the citizenship of each constituent person or entity comprising Plaintiff Jersey Social and Defendant Moss Business Consulting LLC, including the state of incorporation and principal place of business of any corporate entity member. Dkt. 5. On February 25, 2025, Defendants filed their first amended notice of removal, which indicated that American Management Strategies, Inc. was a member of Jersey Social. Dkt. 10. That same day, the Court directed Defendants to further amend their notice of removal to clarify whether American Management Strategies, Inc. was the sole member of Jersey Social, and whether Moss was the sole member of Moss Business Consulting LLC. Dkt. 11. On February 27, 2025, Defendants filed a second amended notice of removal, clarifying that

2

Jersey Social's sole members were Arun Nanda ("Nanda") and American Management Strategies, Inc. Dkt. 12 ¶ 11. The second amended notice of removal further clarified that Moss was the sole member of Moss Business Consulting LLC, and asserted that Moss is a "domiciliary" of Colorado. Dkt. 12 ¶ 13. However, although the second amended notice of removal alleged that American Management Strategies, Inc. was a New Jersey corporation with its principal place of business in Jersey City, New Jersey, it only alleged Nanda's state of residency, not his domicile. Dkt. 12 ¶ 11. Therefore, on May 13, 2025, the Court ordered Defendants to file a further amended notice of removal clarifying Nanda's state of domicile, Dkt. 35, and on May 16, 2025, Defendants filed a third amended notice of removal asserting that Nanda was domiciled in New Jersey, Dkt. 36 ¶ 11.

On March 14, 2025, Defendants filed a motion to dismiss Plaintiffs' Complaint, Dkt. 17, and on March 24, 2025, Plaintiffs filed a motion to remand this matter to state court, Dkt. 20; Dkt. 21 ("Mot."). On March 25, 2025, the Court granted Plaintiffs' request for a stay of the deadlines to respond to Defendants' motion to dismiss pending the Court's resolution of the pending motion to remand. Dkts. 22, 23. On April 4, 2025, Defendants filed their opposition to the motion to remand, Dkt. 25 ("Opp."), and on April 11, 2025, Plaintiffs filed their reply in further support of their motion to remand, Dkt. 27 ("Reply"). On April 18, 2025, the Court ordered Defendants to provide a sur-reply, not to exceed three pages, addressing Moss's state of domicile as raised in Plaintiffs' reply motion. Dkt. 28. On April 22, 2025, Defendants filed their sur-reply on the issue of Defendant Moss's state of domicile. Dkt. 29 ("Sur-Reply"). On May 12, 2025, Defendant Moss filed a certification in further support of Defendants' opposition to Plaintiff's motion to remand. Dkt. 33 ("Moss Aff.").

**LEGAL STANDARD**

"Subject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power." *Windward Bora LLC v. Browne*, 110 F.4th 120, 125 (2d Cir. 2024) (alteration adopted) (quoting *Curley v. Brignoli, Curley & Roberts Assocs.*, 915 F.2d 81, 83 (2d Cir. 1990)). "[B]ecause 'federal courts are courts of limited jurisdiction and, as such, lack the power to disregard such limits as have been imposed by the Constitution or Congress,' it is 'well established . . . that federal jurisdiction is not to be extended beyond the scope permitted by a strict construction of the statute upon which it rests.'" *N.Y. Metro. Reg'l Ctr., L.P. II v. Mammoet USA Holding, Inc.*, 552 F. Supp. 3d 451, 454 (S.D.N.Y. 2021) (omission in original) (citation omitted) (first quoting *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013); and then quoting *Kresberg v. Int'l Paper Co.*, 149 F.2d 911, 913 (2d Cir. 1945)). "Any doubts regarding the propriety of removal are resolved in favor of remand, and 'federal courts construe the removal statute narrowly.'" *Anwar v. Fairfield Greenwich Ltd.*, 676 F. Supp. 2d 285, 292 (S.D.N.Y. 2009) (quoting *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994)).

It is undisputed that the only basis for federal subject matter jurisdiction in this case is diversity of citizenship pursuant to 28 U.S.C. § 1332. In relevant part, section 1332(a) provides that federal district courts "shall have original jurisdiction of civil actions where the matter in controversy exceeds . . . $75,000" and is between "citizens of different States." 28 U.S.C. § 1332(a)(1). "[D]iversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships." *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001). Moreover, "[t]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160

4

(2d Cir. 1998) (first citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); and then citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)).

## DISCUSSION

Defendants assert that diversity jurisdiction lies under 28 U.S.C. § 1332(a)(1) because "the parties are citizens of different states" — that is, New Jersey and Colorado. Dkt. 12 ¶ 9. It is undisputed that Plaintiff Brewshot is a New Jersey corporation, and therefore a citizen of New Jersey. Dkt. 12 ¶ 10. The parties dispute, however, whether Plaintiff Jersey Social is a New York or New Jersey citizen. *See* Mot. at 4; Opp. at 5-6. They likewise disagree with respect to the state of citizenship of Defendant Maggie Moss. *See* Mot. at 4-5; Opp. at 4-5. Specifically, Plaintiffs contend that Moss — the sole member of Moss Business Consulting LLC — is domiciled in New York, not Colorado, thereby destroying complete diversity. *See* Reply at 3-4.

Turning first to Plaintiff Jersey Social's citizenship: as an LLC, Jersey Social's citizenship is determined by that of its members. *See, e.g.*, *Psalms Creative, LLC et al. v. Beacon Inv. Holdings, LLC*, No. 1:25-cv-02135 (JLR), 2025 WL 1268862, at *2 (S.D.N.Y. Apr. 30, 2025) ("For purposes of diversity jurisdiction, a limited liability company ('LLC') is deemed to be a citizen of each state of which its members are citizens." (citing *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000))). Jersey Social's sole members are Arun Nanda and American Management Strategies, Inc. Dkt. 12 ¶ 11. "The citizenship of a corporation for diversity purposes is governed by 28 U.S.C. § 1332(c), which states in pertinent part: 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated *and* of the State where it has its principal place of business.'" *Lebanese Am. Univ. v. Nat'l Evangelical Synod of Syria and Leb.*, No. 04-cv-05434 (RJH), 2005 WL 39917, at *4 (S.D.N.Y. Jan. 6, 2005) (quoting 28 U.S.C. § 1332(c)(1)).

Defendants assert that Nanda is domiciled in New Jersey. Dkt. 36 ¶ 11. Defendants contend that American Management Strategies, Inc. is "listed as having an address of 300 Coles Street, Apartment 2407, Jersey City, New Jersey 07310 in the New Jersey Business records of Plaintiff Jersey Social." Opp. at 6; *see also* Dkt. 26-2 at 2 (New Jersey business records search for Plaintiff Jersey Social). Plaintiffs in turn append public records filed with the New York Department of State to their motion, which reflect that "[American Management Strategies, Inc.] is incorporated in New York and is a New York limited liability company." Mot. at 4; *see also* Dkt. 20-2 (entity information for American Management Strategies, Inc. filed with the New York Department of State). Because American Management Strategies, Inc. is a corporation,[2] it is a citizen of both the state of its principal place of business and the state of its incorporation: based on the parties' appended filings, New Jersey and New York. *See FD Special Opportunities V, LLC v. Silver Arch Cap. Partners, LLC*, No. 21-cv-00797 (JLR) (OTW), 2022 WL 16837967, at *2 (S.D.N.Y. Nov. 9, 2022) ("[I]f any of an LLC's members are themselves non-corporate entities, then a plaintiff must allege the identity and citizenship of their members, proceeding up the chain of ownership until it has alleged the identity and citizenship of every individual and corporation with a direct or indirect interest in the LLC." (citation omitted)).[3]

Therefore, if either of the Defendants is a citizen of New York or New Jersey, complete diversity is destroyed. Because Moss Business Consulting LLC's sole member is

---

[2] Although Defendants state that American Management Strategies is a limited liability company, the underlying documentation reflects that American Management Strategies is a corporation. *See* Dkt. 20-2.

[3] Defendants appear to concede in their sur-reply that American Management Strategies Inc., and by extension, Jersey Social, are in fact citizens of New York. *See* Sur-Reply at 2 (chart listing Plaintiff Jersey Social and American Management Strategies, Inc. as New York citizens).

Moss, the jurisdictional inquiry turns on Moss's citizenship. Plaintiffs assert that Moss, while temporarily residing in Colorado for purposes of obtaining her PhD at Colorado State University, is actually a domiciliary of New York and therefore a New York citizen. Reply at 3-5; *see also* Compl. ¶ 7. Plaintiffs allege that "[a]t all times herein," Moss "was and is an adult individual residing at 208 East 90th Street Apt. 2W, New York, NY 10128, State of New York, County of New York." Compl. ¶ 7. The Complaint further alleges that Moss "decided to go to school to Colorado." *Id.* ¶ 33. Plaintiffs contend that, as an out-of-state college student, Moss is only a "temporary resident[]" and not a domiciliary of the state of Colorado. Reply at 2 (quoting *Hakkila v. Consol. Edison Co. of N.Y.*, 745 F. Supp. 988, 990 (S.D.N.Y. 1990)).

      Defendants, in turn, assert that Moss is "clearly domiciled in Colorado." Sur-Reply at 3. In her supporting affidavit, Moss states that, "[i]n or around August 2024, [she] began residing at 335 Edwards Street #2, Fort Collins, Colorado 80524." Moss Aff. ¶ 5. Moss asserts that "[i]n or around August 2024, [she] commenced employment with Canvas Stadium in Fort Collins, Colorado, as a Catering Supervisor," and that she is "presently employed by Canvas Stadium." *Id.* ¶ 6. On around January 1, 2025, Moss became a PhD Candidate in the Geosciences Department of Colorado State University and commenced employment with Colorado State University as a Graduate Teaching Assistant/Laboratory Instructor. *Id.* ¶¶ 7-8. Moss further states that she is registered to vote in Colorado, has obtained a Colorado driver's license, and declared in a petition for in-state tuition to Colorado State University that she intends to stay in Colorado. *Id.* ¶¶ 9-10, 12-13. Moss also certifies that she is currently attending property viewings in Colorado with the intent to purchase her own home, and that in the past eight months, she has visited New York only twice for recreational purposes. *Id.* ¶¶ 11, 15.

There is, therefore, a dispute between the parties as to Moss's state of domicile. An individual's domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (quoting *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1989)). "It is well established that in order 'to effect a change of one's legal domicil[e], two things are indispensable: First, residence in a new domicil[e]; and second, the intention to remain there." *Linardos*, 157 F.3d at 948 (quoting *Sun Printing & Publ'g Ass'n v. Edwards*, 194 U.S. 377, 383 (1904)). "A party alleging that there has been a change of domicile has the burden of proving the 'required . . . intent to give up the old and take up the new domicile, coupled with an actual acquisition of a residence in the new locality,' and must prove those facts 'by clear and convincing evidence.'" *Palazzo*, 232 F.3d at 42 (alterations adopted) (omission in original) (quoting *Katz v. Goodyear Tire & Rubber Co.*, 737 F.2d 238, 243-44 (2d Cir. 1984)); *accord Halbritter v. Stonehedge Acquisition Rome II, LLC*, No. 07-cv-03848 (WHP), 2008 WL 926583, at *2 (S.D.N.Y. Apr. 2, 2008) ("A party alleging a change of domicile faces a contrary presumption and must establish the change by clear and convincing evidence." (citation omitted)). "The court may consider such factors as the state where the person resides, where his family resides, 'where he keeps his personal belongings, works, exercises his political rights, maintains religious or social affiliations, pays taxes, holds a driver's license, and maintains bank accounts." *Lee v. Charles*, No. 12-cv-07374 (JFK), 2013 WL 5878183, at *2 (S.D.N.Y. Nov. 1, 2013) (quoting *Bhatti v. Pettigrew*, No. 11-cv-01044 (JPO), 2012 WL 1107650, at *3 (S.D.N.Y. Apr. 3, 2012)). "Courts also consider 'whether a person owns or rents his place of residence'" and "the nature of the residence (i.e., how permanent the living arrangement appears)." *Halbritter*, 2008 WL 926583, at *3 (quoting *Nat'l Artists Mgmt. Co. v. Weaving*, 769 F. Supp.

8

1224, 1228 (S.D.N.Y. 1991)). "Declarations of intent by the person whose domicile is in question are given heavy, but not conclusive, weight." *Hamilton v. Accu-Tek*, 13 F. Supp. 2d 366, 370 (E.D.N.Y. 1998).

The burden of establishing a change in domicile is especially demanding for out-of-state college or graduate students, who are ordinarily viewed by courts as "temporary residents and not domiciliaries of the states in which they attend college, because residence at college is chosen primarily for the short-term purpose of pursuing an education." *Hakkila*, 745 F. Supp. at 990; *see also* 13E Wright & Miller, Federal Practice and Procedure § 3619 (3d ed. Apr. 2025 update) ("Out-of-state students generally have been viewed as temporary residents who are located in the state where their school is located only for the duration and for the purpose of their studies."). The Court must therefore "presume that [Defendant Moss] intended to return to [New York] on completion of [her] studies, and to rebut this presumption," the Defendants "must produce evidence sufficient to demonstrate that [Moss] had a post-graduate commitment to remain in [Colorado]." *Nytes v. Trustify, Inc.*, 297 F. Supp. 3d 191, 200 (D.D.C. Mar. 20, 2008) (alterations in original adopted) (internal quotation marks omitted).

That Moss is registered to vote in Colorado and has a Colorado driver's license is not necessarily sufficient to establish her intent to remain in the state given her status as a PhD student. *See, e.g.*, *Hakkila*, 745 F. Supp. at 990 ("Although registration to vote in a particular state is a relevant factor in determining domicile, a student's registration to vote in the state of her college does not usually demonstrate a clear intention to make that state her home indefinitely."); *Everett v. Brief*, No. 82-cv-03153 (JFK), 1985 WL 3563, at *2-4 (S.D.N.Y. Nov. 1, 1985) (holding that plaintiff who attended college in Colorado, was a registered Colorado voter, paid taxes in Colorado, and maintained a Colorado driver's license had not

9

established intent to remain in Colorado indefinitely); *Holmes v. Sopuch*, 639 F.2d 431, 432-33 (8th Cir. 1981) (per curiam) (holding that graduate student in one-year educational program had not established change of domicile). Here, however, Moss has also stated that she intends to purchase her own home in Colorado. Moss Aff. ¶ 11. Moreover, Moss has stated under penalty of perjury that she "intend[s] to continue permanently residing in the State of Colorado." *Id.* ¶ 14. Importantly, there is no countervailing evidence that Moss is domiciled in New York or in any other state. *Cf. Everett*, 1985 WL 3563, at *3-4 (weighing evidence that student was still a domiciliary of New York, including evidence that she was in possession of a New York driver's license during the relevant time, returned to her parent's New York home during vacations, and lived in New York for a full year to recuperate following the underlying automobile accident). In fact, as Plaintiffs themselves acknowledge, Reply at 3, residency and domicile are not synonymous, *see Hakkila*, 745 F. Supp. at 990, and yet Plaintiffs have only alleged that Moss used to "resid[e]" in New York. Compl. ¶ 7. Defendants, in contrast, have alleged facts suggesting that Moss now has only limited ties to New York, including that she has only visited New York twice in the past eight months, for a day each time, for recreational purposes. Sur-Reply at 3; Moss Decl. ¶ 15. Moreover, the fact that Moss moved to Colorado five months prior to the start of her PhD program, *see* Moss Decl. ¶¶ 5, 7, as well as the general duration of PhD programs, weigh in favor of finding that Defendants have established Moss's change of domicile to Colorado here.

For the foregoing reasons, Plaintiffs' motion to remand is DENIED.[4] Having found that complete diversity exists, this Court need not entertain Defendants' separate cross-motion

---

[4] Plaintiffs also asserted in their opening brief that complete diversity is destroyed because "Moss Business Consulting LLC is a New York limited liability company with its principal place of business in New York." Mot. at 4. According to Plaintiffs, "even if its sole member (Maggie Moss) resides in Colorado, the LLC remains a New York citizen." *Id.* Plaintiffs

to dismiss Plaintiff Jersey Social as a nondiverse party under Rule 21 in order to preserve diversity jurisdiction.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand is DENIED. Per the Court's March 25, 2025 Order, Dkt. 23, Plaintiffs shall respond to the pending motion to dismiss within fourteen (14) days of this Order, and Defendants shall file their reply, if any, within seven (7) days of Plaintiffs' opposition.

Dated: May 23, 2025
       New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge

---

appear to have retracted from this argument in their reply brief, but it misstates the governing law in any event. "[T]he citizenship of a limited liability company is determined by the citizenship of each of its members." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016) (citing *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012)); *see also Handelsman*, 213 F.3d at 51-52. A limited liability company's state of incorporation and principal place of business are therefore irrelevant for purposes of diversity jurisdiction. Moss Business Consulting LLC is accordingly only a citizen of its sole member's state of citizenship, which, for the reasons set forth above, the Court finds is Colorado.